# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-MJ-137-JSS |
| Plaintiff, | |
| vs. | **ORDER** |
| ALI AFIF AL HERZ, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Ali Afif Al Herz's "Motion for Revocation of Detention Order" ("Motion") (docket no. 19).

## II. RELEVANT PROCEDURAL HISTORY

On May 11, 2015, Defendant was charged by Criminal Complaint (docket no. 2) with delivering or providing a package or container to a common carrier without providing written notice that firearms and ammunition were contained therein, in violation of 18 U.S.C. § 922(e), and conspiracy, in violation of 18 U.S.C. § 371. On May 12, 2015, Defendant appeared before the undersigned for an initial appearance. *See* May 13, 2015 Minute Entry (docket no. 9). On May 15, 2015, Defendant appeared before Chief Magistrate Judge Jon S. Scoles for a detention hearing ("Hearing"). *See* May 15, 2015 Minute Entry (docket no. 16). Assistant United States Attorney Richard Murphy represented the government. Defendant appeared personally and was represented by his attorney, Anne Laverty. On May 19, 2015, Judge Scoles ordered Defendant detained. *See* Order for Pretrial Detention (docket no. 18). On May 19, 2015, Defendant filed the Motion. On May 21, 2015, the government filed a Resistance (docket no. 20). On June 1, 2015, Defendant filed a Brief in Support of the Motion (docket no. 25). The Motion is fully submitted and ready for decision.

### *III. STANDARD OF REVIEW*

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In certain cases, the court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required." 18 U.S.C. § 3142(e). A finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

### *IV. ANALYSIS*

Defendant argues that Judge Scoles erred in finding that Defendant poses a substantial risk of flight and that no condition or combination of conditions could reasonably assure Defendant's appearance as required. Specifically, Defendant argues that Judge Scoles applied an incorrect standard of proof and failed to adequately consider Defendant's character, family and community ties and personal history. Motion at 1. Defendant also argues that Judge Scoles failed to consider the options of seizing Defendant's passport and requiring a money or other security bond to reasonably assure Defendant's appearance. *Id*. at 1-2.

In response, the government argues that the court should deny the Motion because the Motion fails to comply with the Local Rules[1] and Defendant's averments are inaccurate. *See* Resistance at 2-3.

After conducting a de novo review of the entire record, including the transcript of the May 15, 2015 hearing (docket no. 22), the court finds that Judge Scoles's Order for Pretrial Detention accurately and thoroughly sets forth the facts and the law. Despite Defendant's contentions, Judge Scoles properly considered the factors giving rise to detention.

The court agrees with Judge Scoles's conclusion that Defendant should remain detained pending trial because no condition or combination of conditions will reasonably assure Defendant's appearance. The government presented strong evidence at the Hearing that Defendant participated in the purchase of several firearms, which were subsequently found concealed in containers bound for Lebanon. While Defendant may have substantial ties to the Cedar Rapids community, he has also maintained substantial ties to Lebanon. Defendant was born in Lebanon and resided there from 2008 to 2012. Since returning to the United States in 2012, Defendant has traveled to Lebanon several times. Defendant is unemployed and claims to support himself in part by buying and selling land in Lebanon. Shortly before Defendant's arrest, he had plans to return to Lebanon for an extended period of time. Given this evidence, the court finds that there is a substantial risk of flight. The court considered setting bail, but Defendant failed to show ownership of assets, and in fact, he claims to be indigent. Moreover, even if Defendant had demonstrated asset ownership, the court would still detain Defendant given his high risk of flight. The court is also not persuaded that seizing Defendant's passport and using electronic monitoring will

---

[1] On May 28, 2015, the court ordered Defendant's compliance with the Local Rules. *See* May 28, 2015 Order ("Order") (docket no. 21). On June 1, 2015, Defendant complied with the Order and filed a brief in compliance with the Local Rules.

reasonably assure his appearance. Defendant's international connections appear to provide him with the means to flee and a place to go despite not having a passport. Moreover, a passport is not necessary for domestic travel, as the issue is not just one of flight from the country, but risk of any flight and non-appearance at future proceedings. Thus, after considering all of the factors listed at 18 U.S.C. § 3142(g) and for the reasons more fully set forth in the Order for Pretrial Detention, the court finds by a preponderance of the evidence "that no condition or set of conditions . . . will reasonably assure the defendant's appearance." *Orta*, 760 F.3d at 891.

## V. CONCLUSION

In light of the foregoing, Defendant Ali Afif Al Herz's "Motion for Revocation of Detention Order" ("Motion") (docket no. 19) is **DENIED**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA